## (August 22, 1974)

■   THE PEOPLE OF THE STATE OF NEW YORK v. WILLIAM BARDWELL.—
Motion to vacate judgment denied on the ground that such a motion is properly
brought in the Supreme Court (CPL 440.30).   Concur — Markewich, J. P.,
Lupiano, Lane, Steuer and Capozzoli, JJ.

## (August 26, 1974)

■   LEONARD B. GORDON, Appellant, v. ROSE CATANIA, Respondent-Appel-
lant, and HERBERT J. FEUER et al., Constituting the Board of Elections of the
City of New York, Respondents.— Judgment, Supreme Court, Bronx County,
entered on August 20, 1974, affirmed, without costs and without disbursements.
Concur — Markewich, J. P., Murphy, Tilzer and Capozzoli, JJ.; Kupferman, J.,
dissents and would reverse on the ground of immateriality of the defect. No
opinion.

■   In the Matter of ALFRED E. LOCASCIO, Respondent, v. HERBERT J. FEUER
et al., Constituting the Board of Elections of the City of New York, Respond-
ents, and VICTOR B. TOSI et al., Respondents-Appellants.— Judgment, Supreme
Court, Bronx County, entered on August 20, 1974, reversed, on the law and the
facts, without costs and without disbursements, and respondent Board of Elec-
tions directed to accept the petition.   There is insufficient evidence to overcome
the rule that a public officer, here the notary public, has performed a duty
imposed by law.   Concur — Markewich, J. P., Kupferman, Tilzer and Capozzoli,
JJ.; Murphy, J., dissents in the following memorandum: I would affirm.   Section
135 of the Election Law establishes the form that a notary public must use as
opposed to other subscribing witnesses.   None of the 19 witnesses who testified
at the hearing presented any evidence of compliance with the statute nor was
the notary produced to testify to adherence to said statute.   On this record the
referee and Special Term's findings should be sustained.   (*Matter of Donnelly
v. Dowd*, 17 A D 2d 712, affd. 12 N Y 2d 651.)

■   In the Matter of SAMUEL D. MORELL, Appellant, v. BOARD OF ELECTIONS
OF THE CITY OF NEW YORK and BURTON N. DRUCKER et al., Respondents.—
Judgment, Supreme Court, New York County, entered on August 21, 1974,
unanimously affirmed, without costs and without disbursements.   Permission is
granted to appeal to the Court of Appeals. No opinion.   Concur — Markewich,
J. P., Kupferman, Murphy, Tilzer and Capozzoli, JJ.

■   In the Matter of ABRAHAM HIRSCHFELD, Appellant, v. HERBERT FEUER
et al., Constituting the Board of Elections of the City of New York, and RAMSEY
CLARK et al., Respondents.— Judgment, Supreme Court, New York County,
entered on August 23, 1974, unanimously affirmed, without costs and without
disbursements.   Permission is granted to appeal to the Court of Appeals. No
opinion.   Concur — Markewich, J. P., Kupferman, Murphy and Capozzoli, JJ.

■   In the Matter of STEPHANIE LEO, Appellant, v. HEBRERT J. FEUER
et al., Constituting the Board of Elections of the City of New York, and NAIDA
G. MCSHERRY et al., Respondents.— Judgment, Supreme Court, New York
County, entered on August 21, 1974, unanimously affirmed, without costs and
without disbursements.   Permission is granted to appeal to the Court of Appeals.
No opinion.   Concur — Markewich, J. P., Kupferman, Murphy, Tilzer and
Capozzoli, JJ.

■   In the Matter of JOSE E. SERRANO, Appellant, v. SALVATORE SCLAFANI
et al., Constituting the Board of Elections of the City of New York, and RAFAEL